Lane, C. J.
The plaintiffs aro purchasers, separately, of certain lands, being surveys in the Virginia military district, formerly bolonging to William Price, late of Richmond in Virginia, now deceased. The heirs of Price have lately recovered a judgment in ejectment against the plaintiffs, and because a recovery has been had in a single judgment against them, the plaintiffs bring this bill to set up any equities which properly belong to them.
Price died in Virginia many years since, leaving an embarrassed estate; Duval was bis administrator. In 1821, his creditors filed a bill in Virginia, against the administrator, widow, and heirs, to enforce payment of their debts, and among other things, to sell the Ohio lands. An agreement was entered into, and filed in this case, by which Lucy Price, widow, and Robert Douthal and Wm. D. Price, guardians of the four minor heirs, consented to the sale by decree, and requested that Duval and Call, or either, in-tho event of the other’s disability, might be the commissioners to make the sale. A decree was then taken, in conformity with this arrangement.
At that term, a decree was entered upon the basis of this agreement, authorizing a sale of the Ohio lands. Duval and W. D. Price, one of the adult heirs, were commissioners to sell, and an indebtedness was found, in favor of Duval, of more than $22,000. The sale of 15,000 acres was made to Duval, and approved by the court, *349 and the present twenty-seven plaintiffs hold their titles under this sale.
The bill is framed to meet the various equities which the plaintiffs may be able to establish.
The plaintiffs’ first ground for relief is, that, admitting tho sale conveys no legal title, yet by paying money to Duval, which has gone to extinguish debts of the estate of Price, and holding Duval’s warranty of lands, whose title has failed, Duval himself having died insolvent, they are entitled to bo substituted *for him, in his claim for advances to the estate of Price, and are to be quieted in the possession of the land acquired under these circumstances, or at least to hold the lien of Duval’s advances, as a charge on these lands.
It does not, however, appear to us that either ground is tenable. As tho estate of Price is yet unsettled, the administrator of Duval perhaps may have a claim against it for the repayment of his decedent’s advances, and the plaintiffs may recover on their warranties, from the estate of Duval. But no privity exists between tho creditors of Duval, and the estate of Price, which will justify them in reaching his assets, except as general creditors of Duval, pursuing his credits.
Neither does the advance of money by a stranger, upon a defective sale of a decedent’s lands, create an equity againt his estate, although the money goes to pay his debts. It has been held by this court that the rule of caveat emptor operates on the purchaser at judicial sales, and cuts off all right to indemnity, except such as may arise from express warranty. Vattier v. Lytle’s Ex’rs, 6 Ohio, 477; Ludlow v. Leiby, 4 Ohio, 469; McArthur v. Porter, 1 Ohio, 99.
But the plaintiff has established a plain right to one-fifth of the lands, being the share conveyed by Wm. D. Price. He was one of the commissioners appointed to make the sale, one who, as guardian for a part of the children, assented to it, and one who undertook to carry it into execution. These acts bind him, and pass the title he possessed, and tho plaintiffs may obtain partition under this bill.
So, too, the benefit of the principle of the occupant laws may be claimed here, and may be had under those proceedings.
But we are unable to discover any right to further relief. The sale of Ohio lands by a Yirginia court is void for want of power. *350 Money passing from vendor to purchaser, on a defective sale, can not bo traced beyond him who receives it. And if a creditor’s bill to settle an estate, drew to the jurisdiction of the court where it was pending the settlement of all the estates of decedents who were debtors to the first, it would soon render such suits impracticable.
*It will be observed that all objections to the bill are removed by the agreement of the parties to admit any relief that could have been obtained by separate proceedings.
The plaintiffs may take a decree :
1. Declaring their title to ono undivided fifth.
2. For partition.
3. For taking the steps necessary to obtain compensation for their improvements, in analogy with the law relating to occupants. Decree accordingly.